**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANE DOE, | No. 11-16394 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00517-BMK |
| v. | |
| UNITED STATES OF AMERICA and JEFFREY KALANI CRUZ, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Barry M. Kurren, Magistrate Judge, Presiding

Argued and Submitted February 11, 2013
Honolulu, Hawaii

Before:  GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Plaintiff Jane Doe filed this action under the Federal Tort Claims Act

("FTCA"), 28 U.S.C. § 1346, and Bivens v. Six Unknown Named Agents of

Federal Bureau of Narcotics, 403 U.S. 388 (1971), against the United States and

Defendant Jeffrey Kalani Cruz, a correctional officer at the Federal Detention

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Center in Honolulu. She appealed the district court's order dismissing her FTCA claims for lack of subject-matter jurisdiction and granting summary judgment in favor of Defendants as to the Bivens claim. During oral argument, Plaintiff conceded her Bivens claim and those FTCA claims that relate to the allegedly negligent hiring, training, and supervision of prison employees. We therefore consider only her FTCA claim that arises from the alleged negligence of Cruz. Reviewing de novo, Alfrey v. United States, 276 F.3d 557, 561 (9th Cir. 2002), we reverse the district court's order as to that claim and remand for further proceedings.

The discretionary function exception to federal courts' jurisdiction under the FTCA applies only if "the challenged actions involve an 'element of judgment or choice.'" Terbush v. United States, 516 F.3d 1125, 1129 (9th Cir. 2008) (quoting United States v. Gaubert, 499 U.S. 315, 322 (1991)); see also Berkovitz ex rel. Berkovitz v. United States, 486 U.S. 531, 536–37 (1988) (holding that "judgment or choice" is the first of two requirements for the exception to apply). Here, Cruz stated to FBI investigators that, during training, he had been told not to go into an area that lacks video surveillance alone with a female inmate. Viewed in the light most favorable to Plaintiff, Alfrey, 276 F.3d at 561, that statement suggests that the prison had a mandatory policy against putting female inmates in the same kind of

2

situation in which Cruz left Plaintiff with Bureau of Prisons electrician Markell Milsap. Although Cruz later characterized the instruction that he received during training as a strong "suggestion," that testimony merely creates a factual dispute as to whether the prison policy against leaving inmates alone with individual prison employees was mandatory or discretionary. See, e.g., Espinosa v. City of San Francisco, 598 F.3d 528, 538 (9th Cir. 2010) (denying summary judgment in part because inconsistent testimony revealed a material factual dispute). Because Cruz may have violated a mandatory policy, the district court erred in ruling, as a matter of law, that his decisions involved an "element of judgment or choice." See Terbush, 516 F.3d at 1128 (stating that the government has the burden of proving that the discretionary function exception applies).

Our decision is consistent with Alfrey. In Alfrey, a prison official's response to reported inmate threats was held to be a discretionary judgment because it required that he "set priorities among all extant risks: the risk presented by the reported threat, along with the other risks that inevitably arise in a prison." 276 F.3d at 565 (emphases added). Here, Cruz allegedly created the risk to Plaintiff through his own decision—possibly in violation of prison policy—to leave Plaintiff alone in an unsupervised closet with Milsap. Alfrey does not shield

that decision merely because Cruz was then left to weigh the risk that he had created through his own alleged negligence against other extant risks.

Because the evidentiary record could demonstrate that the challenged actions of Defendant Cruz do not meet the first <u>Berkovitz</u> requirement, the district court erred in dismissing the action under the discretionary function exception.

AFFIRMED in part; REVERSED in part and REMANDED.  The parties shall bear their own costs on appeal.